*In re* HAROLD S ANSELL FAMILY TRUST

Docket No. 192739. Submitted May 6, 1997, at Grand Rapids. Decided July 29, 1997, at 9:00 A.M.

Harold S. Ansell, Jr., petitioned the Kalamazoo County Probate Court for a determination whether the respondent, First of America Bank-Michigan, N.A., the trustee of the Harold S. Ansell Family Trust, was authorized to sell the real estate that constituted the primary asset of the trust and, if so, whether an adequate price had been obtained when the property was sold. The petitioner and his three sons are the beneficiaries of the trust, which was created by the petitioner's father. The respondent determined that it was necessary to sell the real estate following the death of the settlor because the liquid assets of the trust were insufficient to cover administrative costs and certain mandatory payments under the provisions of the trust. The probate court, James S. Casey, J., found that the respondent was authorized to sell the real estate, did not abuse its discretion in selling it, and obtained an adequate price. The petitioner appealed.

The Court of Appeals *held*:

1. The adequacy of the price obtained by a trustee for a piece of the trust property should be reviewed for an abuse of discretion where, as in this case, there are no allegations of bad faith, unfair dealings, or conflict of interest.

2. The trust expressly gave the trustee the power to sell the real estate. The probate court did not clearly err in finding that the respondent did not abuse its discretion in deciding to sell the real estate and in selling it for the price obtained.

3. The respondent adequately informed the petitioner of the sale and its progress.

Affirmed.

TRUSTS — SALE OF TRUST PROPERTY — ADEQUACY OF PRICE.

The adequacy of the price obtained by a trustee that sells a piece of the trust property is reviewed for an abuse of discretion where there are no allegations of bad faith, unfair dealings, or conflict of interest.

*Willingham & Coté, P.C.* (by *Jane A. Klepac, Anthony S. Kogut,* and *Steven A. Mitchell*), for Harold S. Ansell, Jr.

*Early, Lennon, Peters & Crocker* (by *Robert M. Taylor* and *Harold E. Fischer, Jr.*), for First of America Bank-Michigan, N.A.

Before: YOUNG, P.J., and DOCTOROFF and CAVANAGH, JJ.

DOCTOROFF, J. Petitioner, Harold S. Ansell, Jr., appeals as of right from an opinion and order in which the probate court held that respondent, First of America Bank—Michigan, N.A. (trustee of the Harold S. Ansell Family Trust), did not abuse its discretion in selling the real estate that constituted the primary asset of the trust. We affirm.

The Harold S. Ansell Family Trust was created by the settlor, Harold S. Ansell, on December 30, 1983. The settlor was the original trustee, but petitioner, the settlor's only child, was to assume the position of trustee if it was determined that the settlor was incapacitated. The petitioner has three sons who, along with the petitioner, were beneficiaries of the trust. When the settlor developed amyotrophic lateral sclerosis, a dispute arose concerning whether he retained the capacity to act as trustee. The dispute was resolved in October 1993 by an agreement that resulted in the appointment of First of America as successor trustee.

The primary asset of the trust was a piece of commercial real estate. The land was subject to a lease between the trust, as lessor, and Truesdale Funeral Homes, Inc., as lessee. Petitioner was the owner and

operator of the funeral home and paid rent to the trust in the amount of $3,500 a month. The lessee had an option to purchase the real property subject to the lease at any time during the term of the lease for $1,300,000. This lease is effective until May 31, 1998.

The terms of the trust required payment for various expenses of the settlor's wife, petitioner, and petitioner's children. By its terms, the trust will terminate when the youngest grandchild becomes twenty-two years old or upon the death of the settlor's wife, whichever occurs last. Following the death of the settlor, the liquid assets of the trust were insufficient to cover administrative costs and the mandatory payments under the trust's provisions. Accordingly, First of America petitioned the probate court for authorization to sell the real estate. Petitioner elected not to exercise his option to purchase the property for $1,300,000. In addition, petitioner insisted that the sale be conducted in a private and discreet manner so that it would not affect or damage the funeral home's business.

Although the property was originally appraised between $600,000 and $865,000, the property was initially listed at $1,300,000. However, the highest offer received was for $600,000. First of America then decided to reduce the list price to $995,000. After several offers and counteroffers, First of America sold the property in July 1995 for $875,000. In August 1995, petitioner hired Joe Rusin to perform a "limited restricted appraisal" in which Rusin appraised the property at $1.5 million. Petitioner then filed this lawsuit alleging that the trustee did not have the authority to sell the property and that an inadequate price was obtained. In January 1996, the probate court

issued an opinion and order finding that the trustee did not abuse its discretion in the marketing and sale of the trust property. On appeal, petitioner argues that the probate court erred in finding that the trustee properly sold the real property. We disagree.

Petitioner contends that this case is controlled by *In re Green Charitable Trust*, 172 Mich App 298; 431 NW2d 492 (1988). The *Green* Court noted that other jurisdictions, in deciding whether the best price has been obtained, have considered the following three-factor test: (1) the determination of fair market value, (2) the proper marketing of the property, and (3) the adequacy of the price that was actually obtained for the real estate. *Id.* at 316. Although it did not expressly adopt this three-factor test, the *Green* Court relied on the factors in determining whether the trustee obtained the best price for the property in question. However, we do not believe that the three-factor test of *Green* is applicable to the instant case because, unlike *Green*, this case contains no allegations of bad faith, unfair dealings, or conflicts of interest.

In *Green*, the Court noted, "where, as here, there is a claim of a trustee's conflicting or divided loyalties, [the] courts have placed a 'stringent burden' on the trustee to show that the sale was fairly made for an adequate price." *Id.* at 321. This Court also stated that "transactions involving self-dealing should be closely scrutinized and [courts should look] to see whether the trustee's actions indicated any fraud, bad faith or overreaching on the part of the trustee." *Id.* at 314. The Court noted "the common law principle that trustees may not be liable for mere mistakes or errors of judgment where they have acted in good faith and

within the limits of the law and of the trust." *Id.* A reading of *Green* reveals that the existence of bad faith was of paramount importance to the Court's decision. See *id.* at 314-315. Accordingly, we find that the three-factor test set forth in *Green* applies only in a situation in which there are allegations of bad faith, unfair dealings, or conflicts of interest. Because petitioner does not allege that First of America's sale of the property was made in bad faith, we find that the three-factor test of *Green* does not apply to this case.

We agree with the probate court that, in the absence of bad faith, unfair dealings, or a conflict of interest, the adequacy of a price obtained by a trustee for a piece of the trust property should be reviewed for an abuse of discretion. See *id.* at 313; *In re Sykes Estate*, 131 Mich App 49, 54; 345 NW2d 642 (1983). The probate court found that First of America did not abuse its discretion in selling the real estate for $875,000. This decision of the probate court will be reversed only if it was clearly erroneous. *Green, supra* at 311. Findings are clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made. *Id.* We agree with the probate court's finding that the trustee did not abuse its discretion in selling the trust property for $875,000.

The trust document in this case expressly gave the trustee the power to sell the real estate. First of America, as trustee, determined that selling the land was necessary because of the mandatory payments that had to be made under the terms of the trust. Because the major asset of the trust was the piece of real estate, which lacked the necessary liquidity, the trustee concluded that selling the property would be

expedient. In addition, a more liquid asset was also necessary to pay the estate taxes following the settlor's death. The trustee also indicated that selling the land would enable the trustee to diversify the trust portfolio and increase its stability. On the basis of this evidence, we agree with the probate court that the trustee did not abuse its discretion in deciding to sell the real estate.

However, petitioner also contends that, even if the trustee properly decided to sell the property, the price obtained was inadequate. We disagree. At the time the trustee sold the property, expert estimates regarding the value of the land ranged from $600,000 to $865,000. Despite this, the land was originally listed for $1,300,000 (the price set forth in the lease for which petitioner was to be offered the land). Testimony indicated that the lease held by petitioner decreased the land's value. In accordance with petitioner's legitimate request that the sale of the land be conducted in a private and discreet manner, the real estate agent hired by the trustee contacted fifty to sixty brokers and investors who he believed could be interested in purchasing the property. Through these contacts, the trustee received offers of $500,000 and $600,000. At this point, it was decided that the asking price should be lowered to $995,000. Subsequently, an offer was made by the eventual purchaser for $750,000. After some negotiation, the land was sold for $875,000.

We agree with the probate court that the real estate agent actively marketed the land and the trustee considered all offers in a business-like manner and arrived at its decision to sell only after consulting the real estate agent and members of the First of America

real estate section. Although petitioner offered evidence that the land was more valuable than the asking price, the appraisal relied upon by petitioner did not consider the lease on the property. Furthermore, even if the land was more valuable than the price obtained by the trustee, we find that, considering the marketing limitations imposed on the trustee by petitioner, the trustee did not abuse its discretion in selling the land for $875,000.

Petitioner next contends that the trustee failed to keep him reasonably informed about the intention to sell and the actual sale, as required by MCL 700.814(1); MSA 27.5814(1). As fully set forth by the probate court, the evidence indicated that petitioner was informed of the decision to sell the property and he expressly was given the option to purchase the property for $1,300,000. Petitioner made it clear that he had no intention to purchase the property, and the record indicates that petitioner was kept informed of the progress of the sale. The petitioner had the opportunity to make an offer on the land, but declined to do so. In its opinion, the probate court thoroughly analyzed this issue and found that the trustee adequately informed petitioner of the sale and its progress. We cannot conclude that such findings were clearly erroneous.

Affirmed. Respondent, being the prevailing party, may tax costs pursuant to MCR 7.219.